UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-19-CR-832 |
| | § | |
| GERALD M. GOINES | § | |
| STEVEN O. BRYANT | § | |
| PATRICIA ANN GARCIA | § | |

**UNITED STATES' UNOPPOSED MOTION TO CERTIFY CASE AS COMPLEX**

COMES NOW the United States of America, by and through the United States Attorney for the Southern District of Texas and undersigned Assistant United States Attorney, and files this Motion as follows:

1. Pursuant to Title 18, United States Code, Section 3161(h)(7)(B)(ii), the United States files this motion to certify the above-referenced case as complex.

2. On November 14, 2019, a federal grand jury sitting in Houston, Texas returned the instant indictment against the defendants. Each defendant has been arrested on the charges he/she faces in this indictment. This case is currently set for a pretrial conference at 10:00 a.m. on January 3, 2020, and to begin jury selection and trial on January 13, 2020, at 9:00 a.m.

3. The charges against the defendants are the result of a multi-agency investigation into the deaths of Rhogena Nicholas and Dennis Tuttle on January 28, 2019, an investigation that involves both federal and state authorities. The work to date has involved interviewing dozens of witnesses and gathering large amounts of electronic and documentary information. This investigation has involved information collected from multiple sources, including confidential

1

human source reporting, reports from both civilian and law enforcement witnesses, search warrants, physical surveillance, electronic monitoring and numerous documents obtained through grand jury subpoenas and voluntary production, and information from the Houston Police Department and the Harris County District Attorney's Office. As a result, the prosecution's evidence is voluminous, and because the United States' investigation remain ongoing, we expect the information collected by the United States will continue to grow.

4. Beyond just the voluminous discovery, and the amount of potential witnesses, the above matter increases in complexity when taking into account the severity of the charges against Defendant Gerald Goines which involve alleged violations of 18 U.S.C. § 242, violations of the victims' civil rights. Because death resulted as a result of his alleged violations, Goines faces life in prison if convicted. Further, the grand jury charged him with obstruction related counts that carry 20 year maximum sentences in prison.

5. Title 18, United States Code, Section 3161(c)(1) (the "Act") generally requires a defendant's trial to begin within 70 days of the indictment being made public or the defendant being brought before a judicial officer of the court in which the indictment is pending, whichever date occurs later. Should a criminal case be certified as complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), however, this 70-day requirement no longer applies.

6. When designating cases as complex, courts have considered the nature of the case, the number of defendants, and the volume of discovery and investigative materials. *See e.g.*, *United States v. Edelkind*, 525 F.3d 388, 397 (5th Cir. 2008) (noting that the district court had designated a criminal child support case as complex due to voluminous documents, sealed documents, and the logistical complications caused by Hurricane Katrina). Further, as the Fifth Circuit has

recognized, a designation based on the volume of discovery and complexity of the case, is consistent with cases interpreting the Act. *See e.g.*, *United States v. Bieganowski*, 313 F.3d 264, 282 (5th Cir. 2002) (upholding a continuance based on an "ends of justice" analysis after the district court designated the case complex based on the high volume of discovery); *United States v. Eversole*, 783 F. Supp. 2d 972, 975 n. 5 (S.D. Tex. 2011) (granting an "ends of justice" continuance, based in part, on the amount of discovery involved).

   5. Based on the above reasons, among others, the United States anticipates that the case is so unusual or complex, due, in part, to the nature of the prosecution and amount of discovery, that it is unreasonable to expect adequate preparation for pretrial proceedings or for trial itself within the time limits established by Title 18 U.S.C. § 3161. We also respectfully request the Court also schedule the parties for a status conference at 10:00 a.m. on March 6, 2020, at which time and date all parties can discuss any potential issues regarding discovery, scheduling and any other relevant matters to ensure this case moves forward as expeditiously as possible. We believe after having this status conference and hearing the input from all parties, the Court will then be in a better position to schedule more specific dates for pre-trial motions, motion responses, final pretrial conference and jury selection for the defendant in this case.

WHEREFORE, PREMISES CONSIDERED, the government respectfully requests that the motion to certify this case as complex be granted.

        Respectfully submitted,

        RYAN K. PATRICK
        United States Attorney

By: */s/Alamdar S. Hamdani*
     ALAMDAR S. HAMDANI
     Assistant United States Attorney
     Texas Bar No. 24012771
     1000 Louisiana Street, Suite 2300
     Houston, Texas 77002
     Phone: 713-567-9305
     Fax: 713-718-3305

     */s/Arthur R. Jones*
     Arthur R. Jones
     Assistant United States Attorney
     Southern District of Texas

     */s/Sharad Khandelwal*
     Sharad Khandelwal
     Assistant United States Attorney
     Southern District of Texas

     ERIC S. DREIBAND
     Assistant Attorney General
     Civil Rights Division

     */s/Jared Fishman*
     Jared Fishman
     Special Litigation Counsel
     Civil Rights Division

CERTIFICATE OF CONFERENCE

The undersigned Assistant United States Attorney has conferred with each of the attorneys representing the defendants in this case regarding the substance of this motion and no party is opposed to the Court granting this motion and certifying the case as complex.

>  /s/ *Alamdar S. Hamdani*
>  ALAMDAR S. HAMDANI
>  Assistant United States Attorney

CERTIFICATE OF SERVICE

On December 5, 2019, the United States provided a copy of this motion to the attorney for the defendant via electronic case filing (ECF).

>  By:  /s/ *Alamdar S. Hamdani*
>  ALAMDAR S. HAMDANI
>  Assistant United States Attorney