Case 4:19-cr-00832   Document 89   Filed on 01/19/21 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
January 20, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 4:19-CR-832-3 |
| | § | |
| PATRICIA ANN GARCIA | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Patricia Ann Garcia's ("Garcia") Opposed Motion to Vacate Order Revoking Pretrial Release. (Dkt. 84) The United States Government ("Government") filed a Response in Opposition. (Dkt. 86) After carefully considering the parties' arguments, all submissions, and the governing legal authorities, for the reasons discussed below, the Motion is **DENIED.**

## I.   BACKGROUND FACTS

Garcia is charged by indictment for providing false information and conducting a hoax regarding a crime in violation of 18 U.S.C. § 1038(a)(1)– (2).  On November 20, 2019 Garcia was arrested and had her initial appearance before United States Magistrate Judge Deana Hanovice Palermo. At the hearing, the Government asked Judge Palermo to detain Garcia pending a detention hearing. She did so and a detention hearing was scheduled for the next day. Following the hearing, Judge Palermo released Garcia subject to several conditions, including that she "not violate federal, state, or local law while on release . . . not use alcohol excessively . . . not use or unlawfully possess a narcotic drug

or other controlled substance . . . unless prescribed by a licensed medical professional." (Dkt. 21 at pp. 1–2)

Two months later, on January 24, 2020, Garcia was arrested for driving while intoxicated after hitting a parked car. (Dkt. 55) As a result of this arrest, a warrant was issued for Garcia's arrest in the instant case for violating the conditions of her pretrial release. A hearing was held on the issue of revoking her pretrial release. Following the hearing, Judge Palermo did not revoke the defendant's pretrial release. Instead, she imposed additional pretrial release conditions including that Garcia attend an "inpatient drug, alcohol and mental health treatment facility for 45–50 days." (Dkt. 61 at p. 2) Garcia then entered inpatient treatment but left shortly before completing the program due to the COVID-19 pandemic. (Dkt. 86 at p. 2–3)

On October 26, 2020, Garcia tested positive for cocaine and admitted to her probation officer that she had used cocaine. As a result of this test result, a warrant was issued for Garcia's arrest for violating the conditions of her pretrial release not to possess or use a controlled substance. (Dkt. 86 at p. 3) Another hearing was held regarding whether Garcia's pretrial release should be revoked. After the hearing, Judge Stacy determined that the positive cocaine test was evidence of drug use and that in-patient drug treatment would be futile as Garcia had already undergone in-patient drug treatment. Judge Stacy found by clear and convincing evidence that Garcia has violated a condition of her pretrial release and that due to her drug and alcohol use, Garcia is unlikely to abide by any condition or combination of conditions of release. Accordingly, Judge Stacy ordered Garcia detained pending trial in accordance with 18 U.S.C. § 3148 (b)(2)(B).

(Dkt. 72) Garcia has now moved for the Court to revoke Judge Stacey's order. For the reasons discussed below the Court declines to do so.

## II.    APPLICABLE LEGAL STANDARD

A defendant ordered detained by a magistrate judge may file a motion to revoke the detention order pursuant to 18 U.S.C. §3145 (b). "When the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release." *United States v. Reuben*, 974 F.2d 580, 585–86 (5th Cir. 1992). The Bail Reform Act favors pretrial release. *See United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989).

However, in the absence of newly developed evidence not presented before the magistrate judge, the Court "has the discretion to conduct its review by examining the pleadings and the evidence which was developed before the magistrate judge and then adopting the magistrate judge's pretrial detention order." *United States v. Hensler*, 18 F.3d 936, 1994 WL 83436, at *2 (5th Cir. 1994), *cert. denied*, 513 U.S. 859 (1994); *see also United States v. Farguson*, 721 F. Supp. 128, 129 n.1 (N.D. Tex. 1989).

In considering a petition to revoke release, the Court may order revocation and detention if it (1) finds that there is probable cause to believe that the person committed a crime while on release, or finds by clear and convincing evidence that the person has violated any other condition of release, and (2) finds that there is no condition or combination of conditions of release that will assure that the person will not pose a danger to the safety of any other person or the community, or finds that the person is

unlikely to abide by any condition or combination of conditions of release. 18 U.S.C. § 3148(b)(1)–(2).

### III. GARCIA HAS VIOLATED CONDITIONS OF HER RELEASE AND POSES A RISK TO THE COMMUNITY.

Following de novo review of the detention hearing and the record of the proceedings before the magistrate judge, the Court finds that there is both probable cause to believe that Garcia committed a crime while on release and finds by clear and convincing evidence that Garcia violated other conditions of her release. Furthermore, the Court finds that there is no condition or combination of conditions of release that will assure that Garcia will not pose a danger to the safety of the community and finds that Garcia is unlikely to abide by any combination of conditions of release.

The Court finds that there is probable cause to believe that, while on release, Garcia committed several offenses that constitute violations of federal, state, or local law, including driving while intoxicated, a misdemeanor in Texas, and possession of cocaine, a felony in Texas. TEX. PENAL CODE § 49.04 (West 2003); TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West 2013). The Court also finds by clear and convincing evidence that Garcia violated other conditions of her pretrial release, including the requirement to avoid drinking alcohol to excess and refrain from possessing narcotics or other controlled substances. (Dkt. 21 at pp. 1–2)

Given Garcia's history drug and alcohol abuse and her continued use of controlled substances, the Court finds that she is unlikely to abide by any condition or combination of conditions of her release. Furthermore, Garcia's decision to drive her vehicle after

...

consuming alcohol and her repeated violations of the conditions of her release demonstrates that she poses a risk to the community if released.

Accordingly, the Defendant's Opposed Motion to Vacate Order Revoking Pretrial Release (Dkt. 84) is **DENIED**.

SIGNED at Houston, Texas, this 19th day of January, 2021.

_George C. Hanks, Jr._
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE